UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Destiny Hoag,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>City of Henderson; Michelle Leavitt; Jeremy Cooley; Henderson Police Department; and Officer P. Duffy, et al.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00681-JAD-DJA<br><br>**Report and Recommendation** |

　　　　On January 24, 2024, the Court entered an order to show cause requiring Plaintiff to explain why the Court should not recommend dismissal of this action for Plaintiff's failure to prosecute this action. (ECF No. 9). Plaintiff did not respond to that order to show cause. The Court thus exercises its discretion under Federal Rule of Civil Procedure 41(b) to recommend dismissing Plaintiff's case. The Court is required to weigh several factors in determining whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Comes v. Harbor Freight Tools USA, Inc.*, No. cv 20-5451-DMG (KKx), 2023 WL 2347083, at *1 (C.D. Cal. Jan. 10, 2023). It is within the court's discretion whether to impose dismissal sanctions. *In re Phenylpropanolamine*, 460 F.3d at 1226.

　　　　Here, the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of terminating sanctions. Plaintiff has disengaged from participation in this case, as demonstrated by her failure to comply with the Court's orders requiring her to show proof of service and her failure to respond to the Court's order to show cause. Plaintiff's repeated failures to comply with the Court's orders are

inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. Plaintiff's failures to comply with the Court's orders also have interfered with the Court's management of its docket.

The third factor and fourth factors, risk of prejudice to the other parties and the public policy favoring disposition of cases on their merits, also weigh in favor of terminating sanctions. Given that Plaintiff has not shown proof of service, her case has not proceeded further and there are no active defendants in this case. Finally, sanctions less drastic than terminating sanctions are unavailable because Plaintiff has failed to comply with multiple Court orders. Given Plaintiff's failure to comply with past orders, the Court has no reason to believe she would comply with future orders. Plaintiff has also been warned that failure to comply with the Court's order to show cause would result in a recommendation that dismissal sanctions be entered against her.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's case be **dismissed without prejudice.** The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: April 1, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE