**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Destiny Hoag, <br><br> Plaintiffs, <br><br> v. <br><br> City of Henderson; Michelle Leavitt; Jeremy Cooley; Henderson Police Department; and Officer P. Duffy, et al., <br><br> Defendants. | Case No. 2:23-cv-00681-JAD-DJA <br><br> **Order Adopting Report and Recommendation to Dismiss Case** <br><br><br> ECF No. 10 |

**On April 1, 2024, the magistrate judge entered the following report and recommendation:**

     On January 24, 2024, the Court entered an order to show cause requiring Plaintiff to explain why the Court should not recommend dismissal of this action for Plaintiff's failure to prosecute this action. (ECF No. 9). Plaintiff did not respond to that order to show cause. The Court thus exercises its discretion under Federal Rule of Civil Procedure 41(b) to recommend dismissing Plaintiff's case. The Court is required to weigh several factors in determining whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Comes v. Harbor Freight Tools USA, Inc.*, No. cv 20-5451-DMG (KKx), 2023 WL 2347083, at *1 (C.D. Cal. Jan. 10, 2023). It is within the court's discretion whether to impose dismissal sanctions. *In re Phenylpropanolamine*, 460 F.3d at 1226.

     Here, the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of terminating sanctions. Plaintiff has disengaged from participation in this case, as demonstrated by her failure to comply with the Court's orders requiring her to show proof of service and her failure to respond to the Court's order to show cause. Plaintiff's repeated failures to comply with the Court's orders are

inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. Plaintiff's failures to comply with the Court's orders also have interfered with the Court's management of its docket.

The third factor and fourth factors, risk of prejudice to the other parties and the public policy favoring disposition of cases on their merits, also weigh in favor of terminating sanctions. Given that Plaintiff has not shown proof of service, her case has not proceeded further and there are no active defendants in this case. Finally, sanctions less drastic than terminating sanctions are unavailable because Plaintiff has failed to comply with multiple Court orders. Given Plaintiff's failure to comply with past orders, the Court has no reason to believe she would comply with future orders. Plaintiff has also been warned that failure to comply with the Court's order to show cause would result in a recommendation that dismissal sanctions be entered against her.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's case be **dismissed without prejudice.** The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

\* \* \*

The deadline for the plaintiff to object to that recommendation was April 15, 2024, and the plaintiff neither filed objections nor moved to extend the deadline to do so. No review is required of a magistrate judge's report and recommendation unless objections are filed. Having reviewed the R&R, I find good cause to adopt it, and I do.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 10] is ADOPTED** in its entirety. **This action is DISMISSED without prejudice**, and the Clerk of Court is directed to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
April 24, 2024